**Raul MORALES–IZQUIERDO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–70674.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Filed Nov. 18, 2004.

---

Robert Pauw, Gibbs Houston Pauw, Seattle, WA, for the petitioner.

Issac R. Campbell (briefs) and Song E. Park (argued), U.S. Department of Justice, Washington, DC, for the respondent.

Trina A. Realmuto, Nadine K. Wettstein, American Immigration Law Foundation, Washington, DC, Charles Roth, Midwest Immigrant & Human Rights Center, Chicago, IL, for the amici curiae.

Before; D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This case presents the question, *inter alia,* of whether the reinstatement procedures established by the Attorney General at 8 C.F.R. § 241.8 violate the Immigration and Nationality Act ("INA"). We conclude that the reinstatement procedures violate the INA and grant the petition for review.

## I

Raul Morales–Izquierdo is a citizen and native of Mexico who illegally entered the United States in 1990. Four years later, Morales was apprehended and released given a mail-out Order to Show Cause. After failing to attend his hearing, he was ordered deported *in absentia.* Morales contends that he failed to attend his hearing because he received no notice of it; however, the record indicates that the hearing notice was mailed to the address where Morales was living at the time. A warrant of deportation was issued.

Morales was apprehended by the INS at Calexico, California and removed to Mexico in 1998. He attempted to re-enter the United States by using a false border crossing card and was once again apprehended at the port of entry at San Ysidro, California. Morales was expeditiously removed from the United States for misrepresenting a material fact, in violation of INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i). The next day, Morales illegally re-entered the United States.

Some years later, Morales married a United States citizen, and in 2001, his wife filed an I–130 alien relative petition to adjust his status to a lawful permanent resident based on his marriage to her. In 2003, Morales and his wife visited the Spokane, Washington INS office, where they expected to discuss Morales' adjustment of status. They were instead simultaneously served with a denial of the I–130 petition and a notice of intent to reinstate Morales' prior deportation order, in accordance with INA § 241(a)(5), 8 U.S.C. § 1231(a)(5). Morales now petitions this Court for review of the reinstatement order.

## II

Section 241(a)(5) of the INA, the statutory section under which Morales' deportation order was reinstated, was enacted by Congress in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. 104–208, 110 Stat. 3009 ("IIRIRA"). Section 305 of IIRIRA modified and replaced the former reinstatement statute established at INA § 242(f).[1] The new provision, INA § 241(a)(5), reads as follows:

> If the Attorney General finds that an alien has reentered the United States

---

1. INA § 242(f), 8 U.S.C. § 1252(f) (repealed 1996), provided:

Should the Attorney General find that any alien has unlawfully reentered the United

illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being re-opened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). In enacting the new reinstatement statute, Congress expanded the types of removal orders subject to reinstatement and limited the relief available for aliens whose orders are reinstated. *Padilla v. Ashcroft,* 334 F.3d 921, 924 (9th Cir.2003). The reinstatement process was further changed by the INS, which significantly altered its interpretation of the reinstatement statute. The INS's regulation implementing the new reinstatement statute, 8 C.F.R. § 241.8, eliminated the basic procedural safeguards contained in the former regulation, 8 C.F.R. § 242.23 (repealed 1997). 8 C.F.R. § 241.8; *Castro–Cortez v. INS,* 239 F.3d 1037, 1048 (9th Cir.2001).

Under the former 8 C.F.R. § 242.23, an alien subject to a reinstatement order was entitled to a hearing before an immigration judge, who was charged with determining the identity of the alien, whether the alien had previously been deported, and whether the alien illegally reentered the United States. 8 C.F.R. § 242.23 (repealed 1997). At the hearing before the immigration judge, an alien had the opportunity to contest the charges and evidence, present his or her own evidence, and apply for relief from deportation. *See id.* The alien was also afforded the right to appeal an adverse decision to the Board of Immigration Appeals and ultimately to the federal courts of appeal. *See Castro–Cortez,* 239 F.3d at 1044.

Under the current regulations, the government is still required to determine the identity of the alien, whether the alien has previously been deported, and whether the alien illegally reentered the United States. 8 C.F.R. § 241.8. However, the alien is not allowed a hearing before an immigration judge. 8 C.F.R. § 241.8(a). An immigration official makes the abovementioned inquiries and the ultimate decision of whether to issue a reinstatement order. 8 C.F.R. §§ 241.8(a)(1)-(3).

### III

 The question presented in this case is whether the reinstatement procedures established by the Attorney General at 8 C.F.R. § 241.8 are unauthorized by the INA because they provide for reinstatement without the right to a hearing before an immigration judge, as required by INA § 240(a), 8 U.S.C. § 1229a(a). In deciding whether an administrative agency's regulation is a permissive construction of the governing statute, we employ the analysis set forth by the Supreme Court in *Chevron, U.S.A., Inc. v. Natural Re-*

States after having previously departed or been deported pursuant to an order of deportation, whether before or after June 27, 1952, on any ground described in any of the paragraphs enumerated in subsection (e) of this section [covering deportation based on alien smuggling; criminal offenses; failure to register and falsification of documents; and national security grounds], the previous order of deportation shall be deemed to be reinstated from its original date and such alien shall be deported under such previous order at any time subsequent to such reentry. For the purposes of subsection (e) of this section the date on which the finding is made that such reinstatement is appropriate shall be deemed the date of the final order of deportation.

*sources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), as further explained in *Food and Drug Administration v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). Under *Chevron*, we must consider first "whether Congress has directly spoken to the precise question at issue." 467 U.S. at 842, 104 S.Ct. 2778. "If Congress has done so, the inquiry is at an end; [we] 'must give effect to the unambiguously expressed intent of Congress.'" *Brown & Williamson*, 529 U.S. at 132, 120 S.Ct. 1291 (quoting *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778). In making that assessment, we look not only at the precise statutory section in question, but analyze the provision in the context of the governing statute as a whole, presuming congressional intent to create a "symmetrical and coherent regulatory scheme." *Id.* at 133, 104 S.Ct. 2778(quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995)). Finally, "we must be guided to a degree by common sense as to the manner in which Congress is likely to delegate a policy decision of such economic and political magnitude to an administrative agency." *Id.* If, after conducting such an analysis, we conclude that Congress has not addressed the issue, we "must respect the agency's construction of the statute so long as it is permissible." *Id.* at 132, 115 S.Ct. 1061 (citing *INS v. Aguirre–Aguirre*, 526 U.S. 415, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999)).

Thus, we turn first to the plain language of the statute. Section 240 of the INA provides, in relevant part:

(a) Proceeding.

(1) In general. An immigration judge shall conduct all proceedings for decid-ing the inadmissibility or deportability of an alien.

(2) Charges. An alien placed in proceedings under this section may be charged with any applicable ground of inadmissibility under section 1182(a) of this title or any applicable ground of deportability under section 1227(a) of this title.

(3) Exclusive procedures. Unless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States. Nothing in the section shall affect proceedings conducted pursuant to section 1228 of this title.

8 U.S.C. § 1229a.

The plain language of INA § 240(a) unambiguously indicates that an immigration judge must decide the "inadmissibility" or "deportability" of an alien. Section 240(a)(2) provides guidance as to what constitutes inadmissibility or deportability. An alien is inadmissible if he may be charged under 8 U.S.C. § 1182(a) and deportable if he may be charged under 8 U.S.C. § 1227(a). Aliens who, like Morales, were previously removed from the United States under any provision of law and who subsequently enter the United States without being admitted are inadmissible and may be charged as such.[2] 8 U.S.C. § 1182(a)(9)(C). Thus, the determination of whether an alien's prior deportation order should be reinstated is, in effect, a determination of whether that alien may be found inadmissible, because, under § 241(a)(5), a reinstatement order should issue if the Attorney General finds

**2.** Such aliens are also deportable under 8 U.S.C. § 1227(a)(1)(B), as they are "present in the United States in violation of this chapter or any other law of the United States...."

that an alien who was deported or who voluntarily departed while under a deportation order illegally reentered the United States. 8 U.S.C. § 1231(a)(5).

Section 240(a)(3) provides that unless otherwise specified, "a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States...." 8 U.S.C. § 1229a(a)(3). INA § 241(a)(5) does not provide an alternate procedure for determining whether a reinstatement order should issue. Thus, the plain language of the statute would seem to settle the question. Indeed, to the extent that 8 C.F.R. § 241.8 goes beyond the authority of the INA by eliminating the express authority of immigration judges to determine whether an alien's prior deportation order should be reinstated under INA § 241(a)(5), the regulation is *ultra vires* to INA § 240(a). *See Romero v. INS,* 39 F.3d 977, 979–81 (9th Cir.1994).

The government argues that reinstatement is different from other forms of admissibility determinations, and that it is therefore permitted to establish a different procedure by regulation. However, even if we depart from the plain language and turn to the usual rules of statutory construction as required under *Brown & Williamson,* the government's argument that Congress has not spoken on this question is not persuasive.

▇▇▇ "Under the interpretive maxim of *expressio unius est exclusio alterius,* we 'read the enumeration of one case to exclude another [if] it is fair to suppose that Congress considered the unnamed possibility and meant to say no to it.' " *United*

*States v. Cabaccang,* 332 F.3d 622, 630 (9th Cir.2003) (en banc) (quoting *Barnhart v. Peabody Coal Co.,* 537 U.S. 149, 168, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003)).

In other sections of the INA, Congress did specify alternate procedures for determining the removability of an alien. *See, e.g.,* INA § 235(b)(1), 8 U.S.C. § 1225(b)(1)(expedited removal for arriving and certain other aliens); INA § 235(c), 8 U.S.C. § 1225(c) (expedited removal of terrorists); INA § 238, 8 U.S.C. § 1228 (administrative removal for nonpermanent residents convicted of an aggravated felony); H. Jud. Comm. Rep., No. 104–469(I) at 211 (1996). As we stated in *Castro–Cortez:*

> The significance of this omission [of specific alternate reinstatement procedures] is heightened by the fact that IIRIRA amended other parts of the statute to expedite removal of aliens from this country. *See, e.g.,* IIRIRA § 302(a) (amending INA § 235(b)(1)(A) (8 U.S.C. § 1225(b)(1)(A)) to authorize an INS officer to remove arriving aliens without providing the aliens a hearing before an IJ). Had Congress intended to change the reinstatement procedures by eliminating the alien's right to appear before an IJ and contest the reinstatement order, it undoubtedly would have done so.

239 F.3d at 1048 n. 13.

Thus, it is clear from the structure of the legislation that Congress was well aware of the possibility of establishing expedited removal procedures. However, it chose not to alter the generally applicable rule that removal hearings must be conducted before immigration judges.[3]

The government also argues that INA § 241(a)(5) gives the Attorney General dis-

---

3. For the reasons stated, we respectfully disagree with the First Circuit's conclusion that

the statute is ambiguous, and *Chevron* deference to the agency's interpretation is there-

cretion to remove an alien subject to a reinstatement order at any time after the reentry, and therefore the Attorney General need not provide a reinstated alien a hearing before an immigration judge. However, the section that INA § 241(a)(5) modified and replaced, § 242(f), similarly provided, in relevant part, "the previous order of deportation shall be deemed to be reinstated from its original date and such alien shall be deported under such previous order *at any time* subsequent to such reentry." 8 U.S.C. § 1252(f) (repealed 1996) (emphasis added). The Attorney General did not interpret this language as allowing or requiring an alien's prior deportation order to be reinstated without a hearing before an immigration judge. *See* 8 C.F.R. § 242.23(repealed 1997).

The plain statutory language, supported by the structure of the legislation, provides that an immigration judge must conduct all proceedings for deciding the inadmissibility or deportability of an alien. The Attorney General's promulgation of a regulation vesting that authority in immigration officers is in conflict with the statute and, therefore, *ultra vires* to INA § 240(a).

## IV

The Attorney General's promulgation of the reinstatement regulation established at 8 C.F.R. § 241.8, a regulation that vests an immigration officer with the authority to determine the admissibility or deportability of an alien, is in conflict with § 240(a) of the Immigration and Nationality Act. Given this resolution, we need not reach any of the other grounds for relief urged by the petitioner.

We grant the petition for review and remand this case for further proceedings consistent with this opinion.

fore required. *See Lattab v. Ashcroft,* 384

**PETITION GRANTED; REMANDED.**