Jose VILLALOBOS–ARELLANO,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

Nos. 02–73366, 02–74258.

Agency No. A90–724–302.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Feb. 18, 2005.

Soren M. Rottman, Northwest Immigrant Rights Project, Granger, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mark C. Walters, Esq., Office of Immigration Litigation Civil Division, Department of Justice, Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Allen W. Hausman, Attorney, Seattle, WA, for Respondent.

Before D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Jose Villalobos–Arellano petitions for review of the Immigration and Naturalization Service's reinstatement of his prior removal order and the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of Villalobos's motion to reopen the prior removal order. We transfer the case to the federal district court for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

█ We may exercise jurisdiction over a petition arguably filed after the expiration of the time limitation when the Board of Immigration Appeals failed to comply with federal regulations in serving its decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996). Here, there is no evidence in the record that the INS complied with its own regulations and provided adequate notice of the reinstatement of Villalobos' removal order. At the very least, as Villalobos was in criminal custody when the INS issued a notice of intent to reinstate his prior removal order, the INS should have served notice upon the person in charge of the penal institution where Villalobos was confined. 8 C.F.R. § 103.5a(c)(2)(i). The time for filing a review petition begins to run when the INS complies with the terms of the federal regulations. *See Singh*, 315 F.3d at 1188. As there is no evidence that the INS ever provided adequate notice of the reinstatement of Villalobos' removal order under its own regulations, untimeliness does not bar our exercise of jurisdiction over Villalobos' petition.

### II

█ We lack jurisdiction to review Villalobos' collateral attack on his prior removal order on direct appeal under INA § 241(a)(5), 8 U.S.C. § 1231(a)(5). *Arreola–Arreola v. Ashcroft*, 383 F.3d 956, 963 (9th Cir.2004). Because Villalobos must have some forum in which he can raise his constitutional challenge to his underlying removal order and to his removal pursuant to the reinstatement order, we construe his petition for review as a petition for habeas corpus. *Id.* at 963–64. We lack jurisdiction to entertain an original petition for writ of habeas corpus; therefore, we must decide whether transferring Villalobos' petition to the federal district court is appropriate under 28 U.S.C. § 1631. *Id.* at 964. We find transfer appropriate under § 1631 because the three necessary conditions are met: (1) we lack jurisdiction; (2) the federal district court could have exercised jurisdiction under 28 U.S.C. § 2241 at the time the action was filed; and (3) the transfer is in the interest of justice. *See* 28 U.S.C. § 1631; *id.* at 964–65. Therefore, we construe Villalobos' petition for review as a petition for habeas corpus and order it transferred to the United States District Court for the Western District of Washington.[1] Given our resolution

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We transfer Villalobos' petition to the United States District Court for the Western District of Washington under the assumption that Villalobos is still being held by the Bureau of Immigration and Customs Enforcement in Seattle. Villalobos' habeas petition must be filed in his district of confinement. *See*

*Rumsfeld v. Padilla,* —— U.S. ——, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004).

To the extent that the reinstatement regulation established at 8 C.F.R. § 241.8 goes beyond the authority of the INA by eliminating the express authority of immigration judges to determine whether an alien's prior deportation order should be reinstated under INA § 241(a)(5), the regulation is *ultra vires* to INA § 240(a). *Morales–Izquierdo v. Ashcroft,* 388 F.3d 1299, 1305 (9th Cir.2004). However, this does not affect our determination that

of this case, we need not address any other issues raised by the parties.

TRANSFERRED.

the most appropriate course of action is to treat Villalobos' petition for review as a petition for habeas corpus and transfer the petition to the federal district court.

