**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anastacio BECERRA–CORTEZ,**
**Defendant–Appellant.**

No. 05–30033.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2006.*

Decided March 13, 2006.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Amy H. Rubin, Kathleen Moran, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Anastacio Becerra–Cortez appeals his 46–month sentence imposed after he pled

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

guilty to the offense of being an Alien in the United States after Deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review Becerra–Cortez's 46–month sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). At the sentencing hearing, the district court weighed the Sentencing Guidelines range of 46 to 57 months and considered other 18 U.S.C. § 3553(a) sentencing factors, noting that Becerra–Cortez's prior drug conviction, multiple returns to the United States following deportations, and significant criminal history did not justify a sentence below the applicable Guidelines range.

■ The district court also considered Becerra–Cortez's argument for a downward departure or variance from the Guideline range based on his concession of deportability. Becerra–Cortez first conceded at the sentencing hearing that his concession of deportability under the circumstances would not warrant a departure under prior Ninth Circuit precedent, but argued that a lower sentence was justified based on the panel decision in *Morales–Izquierdo*. *See Morales–Izquierdo v. Ashcroft*, 388 F.3d 1299 (9th Cir.2004), *opinion withdrawn pending en banc rehearing*, 423 F.3d 1118, 1119 (9th Cir.2005). Becerra–Cortez argued that his concession would allow the government to avoid the costs of holding an immigration hearing. *See Morales–Izquierdo*, 388 F.3d at 1305 (holding that the reinstatement procedure was *ultra vires* to the Immigration and Nationality Act if no immigration hearing was held before a deportation). However, according to the government, its immigration policy after *Morales–Izquierdo* was to require immigration hearings for all deportations, such that the concession was not a sufficient benefit to warrant departure.

Because the panel opinion in *Morales–Izquierdo* is currently withheld during en banc rehearing, such that a prior deportation order can be reinstated without an immigration hearing, Becerra–Cortez's concession would have even less value to the government.

Becerra–Cortez also agreed with the district court that the concession of deportability would not typically justify a downward departure. Although Ninth Circuit precedent held that a sentencing court may not categorically deny a downward departure based on a concession to deportation, the sentencing court must find that the concession takes that case out of the Guideline's heartland. *See United States v. Rodriguez–Lopez*, 198 F.3d 773, 778 (9th Cir.1999) ("Because the absence of government consent does not preclude departures on the basis of a stipulated deportation in all instances, the district court should have examined the facts and circumstances of Rodriguez–Lopez's case and determined whether, given those facts and circumstances, his stipulation took the case out of the heartland."). The district court was reluctant to treat this concession as sufficient for a departure or a variance from the Guideline range under the circumstances.

■ The district court recognized that it had the discretionary authority to consider factors after *Booker* that were not recognized by the Guidelines and it chose a sentence within the appropriate Guidelines range based on its consideration of factors listed in § 3553(a). Therefore, we conclude that the sentence is reasonable. *See Booker*, 543 U.S. at 261, 125 S.Ct. 738; *United States v. Plouffe*, 436 F.3d 1062, 1062 (9th Cir.2006).

■ The district court did not err in applying an enhancement based on a prior felony drug trafficking conviction under U.S.S.G. § 2L1.2(a). The fact of a prior

conviction does not need to be admitted by the defendant or proven to a jury beyond a reasonable doubt for purposes of sentencing. *See Booker,* 543 U.S. at 244, 125 S.Ct. 738; *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). "Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez–Torres,* we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court." *United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (citation omitted).

**AFFIRMED.**