Rene Alberto HERRERA–CASTANOLA, Petitioner–Appellant,

v.

Tom RIDGE; Nancy Alcantor, Bureau of Immigration and Customs Enforcement, Department of Homeland Security; Alberto R. Gonzales, Attorney General of the United States; Michael Chertoff, United States Department of Homeland Security; Curtis Hemphill, Bureau of Immigration and Customs Enforcement, Department of Homeland Security, Respondents–Appellees.

No. 05–16858.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Nov. 7, 2006.

Vito R. De La Cruz, Esq., Federal Public Defender's Office, Reno, NV, for Petitioner–Appellant.

Greg Addington, Esq., Office of the U.S. Attorney, Reno, NV, for Respondents–Appellees.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Rene Herrera–Castanola, a native and citizen of Mexico, appeals the district court's dismissal of his habeas petition for lack of jurisdiction. Herrera–Castanola moved from Mexico to Sparks, Nevada with his mother, a United States citizen, when he was two years old. He remained in Sparks, attending school and then working and, eventually, starting a family of his own. His mother and his adoptive father, also a United States citizen, arranged for his legal status as a long-term permanent resident but, due to INS misconduct, Herrera–Castanola never became a citizen.

Herrera–Castanola was convicted in 1997 for possession of credit cards without permission and, in 1998, for uttering a false instrument. As a result, he was ordered deported by an immigration judge (IJ). He did not appeal the IJ's adverse determination and was deported to Mexico.

Having lived in the United States virtually all his life, Herrera–Castanola knew nothing of Mexico, did not have a strong grasp of the Spanish language, and had no family there. He had a difficult time adjusting to his new life. After he had been in Mexico for nearly two years, Herrera–Castanola learned that his mother had become ill. He reentered the United States without inspection and returned to Sparks. Once in Sparks, he registered with the police as a convicted felon, as required by law, thus bringing himself to the attention of local law enforcement and, in turn, the INS.

The government prosecuted Herrera–Castanola for unlawful reentry. However,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court found that the government was equitably estopped from asserting that Herrera–Castanola was an alien because INS officials had denied Herrera–Castanola citizenship through their affirmative misconduct when he was a child. Because the government was estopped from arguing alienage, an element of unlawful reentry, the district court dismissed the indictment on May 4, 2004. The government did not appeal.

The government then attempted to deport Herrera–Castanola by reinstating his prior removal order. Herrera–Castanola was informed on May 5, 2004, the day after the unlawful reentry prosecution was dismissed, that he would be deported to Mexico on May 6, 2004. He was transferred from the Washoe County Detention Center, where he had been held during the unlawful reentry prosecution, into the custody of Immigration and Customs Enforcement.

Herrera–Castanola petitioned for a writ of habeas corpus and an emergency stay of removal on May 5, 2004, arguing that, as a result of the earlier equitable estoppel determination in the criminal case, the government was collaterally estopped from asserting that he was an alien. Because the government must prove alienage to reinstate an order of removal, Herrera–Castanola argued that the government could not lawfully reinstate the removal order. The District Court granted an emergency stay of removal. Two months later, the court denied the government's motion for summary judgment, holding that it was collaterally estopped from asserting that Herrera–Castanola was an alien. The court explained that "the reinstatement of the removal order is invalid because the government cannot allege [Herrera–Casta-

nola] is an alien, which is an essential element for reinstatement of the removal order." It released Herrera–Castanola on bond pending the resolution of his habeas petition.

Herrera–Castanola subsequently filed his own motion for summary judgment on his habeas petition on September 17, 2004. While the motion was pending, Congress enacted the REAL ID Act of 2005, Pub.L. No. 109–13. The government also rescinded its Reinstatement of Order of Removal and brought instead a new removal action against Herrera–Castanola.[1] It advised the court that it intended to resume physical custody over him and to detain him pursuant to the new removal proceeding as soon as the court dismissed his habeas proceeding.

The district court held a hearing to consider its jurisdiction in light of these developments. Herrera–Castanola argued that jurisdiction remained on the basis of custody. He asserted that any detention was unlawful because the government was estopped from arguing alienage and, thus, could not succeed in removing him. He urged that jurisdiction arose from his detention pursuant to the new removal proceeding, which the government had announced would immediately follow the dismissal of the habeas petition, just as it had from his detention pursuant to the reinstatement. He further contended that, because of his criminal history, there was no other mechanism available through which he could challenge his detention. The district court seemed to doubt that custody could be the basis for jurisdiction because Herrera–Castanola would be released momentarily before being rearrested. Accordingly, it dismissed

---

1. That removal action was recently decided in a manner adverse to Herrera–Castanola by an IJ who refused to apply collateral estoppel.

the petition for lack of jurisdiction. Herrera–Castanola was taken into custody, as the government had promised, immediately upon the dismissal of his habeas petition and, despite its jurisdictional doubts, the district court released Herrera–Castanola on bond pending the resolution of this appeal.

We hold that the district court erred in finding that Herrera–Castanola was no longer in custody. A petitioner remains in custody so long as he is subject to "restraints not shared by the public generally that significantly confine and restrain [his] freedom." *Miranda v. Reno*, 238 F.3d 1156 (9th Cir.2001) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)). Herrera–Castanola has been subject to continual restraint. Since he filed his habeas petition he has been either physically in custody or released on bail. *See Hensley v. Municipal Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (holding that a prisoner released on his own recognizance is subject to restraints not shared by the public generally and, thus, remains in custody for habeas purposes). He did not experience a legally cognizable break in custody, but was, pursuant to the new removal proceeding, subjected to physical custody immediately upon the district court's dismissal of his habeas petition.[2]

Because Herrera–Castanola has been in continual custody, we vacate the district court's decision and remand so that it may further develop the record, and consider any proposed amendments to the petition or proposed amended petitions. It shall then reconsider the question of its jurisdiction in light of the intervening decision of this court in *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir.2006).

**VACATED AND REMANDED TO THE DISTRICT COURT.**

RYMER, Circuit Judge, dissenting:[1]

Here, in a nutshell, is what happened and why there is no basis upon which this court can vacate and remand this action to the district court:

- Herrera–Castanola was convicted in 1997 of possession of credit cards without permission and in 1998 of uttering a false instrument. He was ordered removed on August 4, 1999 and was removed.

- He reentered the United States. As a result, the government indicted him for illegal reentry pursuant to 8 U.S.C. § 1326 and the INS reinstated the 1999 removal order. On May 4, 2004, the district court dismissed the indictment, finding that the government's misconduct in the 1970s estopped it from arguing that Herrera–Castanola was an alien for purposes of the criminal proceeding.

---

**2.** In his habeas petition, Herrera–Castanola primarily sought to enjoin his removal pursuant to reinstatement. The government's changing of its removal procedures, regardless of the reason therefor, did not moot the claim, because the objective of the changed proceedings was still to obtain Herrera–Castanola's removal.

Under 8 U.S.C. § 1252(g), we cannot review the BIA's decision to commence proceedings or adjudicate cases. That still leaves, however, Herrera–Castanola's contention that maintaining him in custody during the removal proceedings violates the law. That was the argument he made to the district court and it is an appropriate argument for habeas relief. Contrary to the dissent's assertion, the district court failed to accept Herrera–Castanola's custody argument, and thus rejected it.

**1.** Pursuant to the REAL ID Act, this case has been recaptioned to reflect the proper respondent. *See* 8 U.S.C. § 1252(b)(3)(A) (respondent is the Attorney General); Fed. R.App. P. 43(c)(2).

- The Bureau of Immigration and Customs Enforcement (BICE) served a notice of reinstatement of the 1999 removal order on Herrera–Castanola, and detained him.
- On May 5, 2004 Herrera–Castanola filed a petition for writ of habeas corpus in district court. His petition requests an order restraining removal while the petition is pending and release from custody during pendency of this lawsuit.
- On June 16, 2004, the district court ruled that BICE is collaterally estopped from claiming that Herrera–Castanola is an alien. Herrera–Castanola filed a motion for summary judgment based on this ruling.
- The REAL ID Act of 2005 was enacted on May 11, 2005, stripping district courts of jurisdiction to review orders of removal.
- The order of reinstatement was rescinded on August 22, 2005, in light of the panel opinion in *Morales–Izquierdo v. Ashcroft*, 388 F.3d 1299, 1303 (9th Cir.2004) (holding that regulations that permitted an immigration official to reinstate removal orders violated the Immigration and Nationality Act) *reh'g en banc granted*, 423 F.3d 1118. A notice to appear at a new removal proceeding was issued.
- On September 1, 2005, the district court held that it had no jurisdiction under the REAL ID Act and that recision of the reinstatement order mooted Herrera's motions and the underlying removal order as well. The court granted bail pending appeal pursuant to Rule 23(b) of the Federal Rules of Appellate Procedure.

Herrera–Castanola appeals the order dismissing his habeas petition for lack of subject matter jurisdiction, arguing that the REAL ID Act's jurisdiction-stripping provisions do not apply because he raises due process claims, his habeas petition should be treated as a petition for review, and he is not challenging a final order of removal. He asks this court to apply the doctrine of collateral estoppel to his petition and rule that he is a citizen.

The district court correctly held that it lost jurisdiction over the habeas petition under the REAL ID Act. There was nothing to transfer to this court as recision of the reinstated order of removal mooted the removal order and Herrera–Castanola's motions. Thus, dismissal of the habeas petition was correct, and should be the end of the case.

Instead, the majority *reverses* on an issue that is not raised on appeal and for a reason that doesn't exist. It holds that "the district court erred in finding that Herrera–Castanola was no longer in custody." The district court found no such thing; the court held that it lacked jurisdiction over the merits of the petition (which it did) and that the underlying removal order and motions are moot as well (which they are). The district court also vacated its order for release pending decision on the habeas petition as moot, but that ruling can not possibly be in error because the habeas petition itself, to which the release order applied, was moot.

The majority comes to this decision, it says, because Herrera–Castanola *had been* in custody—properly so, on account of the reinstated removal order until its recision—and *will be* in custody arising out of the new removal proceedings, therefore, he "has been subject to continual restraint." Of course, it's up to the Attorney General whether Herrera–Castanola will be detained in connection with the new proceedings or not. *See* 8 U.S.C. § 1226. But the far more serious point is that jurisdiction turns on the existence of a case or controversy; jurisdiction is not

made continuous even if restraint is continual.

There is no case or controversy arising out of Herrera–Castanola's custody. To the extent there was one, it is moot. To the extent there may be one, it is premature.

Nevertheless, the majority remands so that the district court "may further develop the record, and consider any proposed amendments to the petition or proposed amended petitions"—*then* "reconsider" the question of its jurisdiction in light of *Nadarajah v. Gonzales,* 443 F.3d 1069 (9th Cir.2006). Whatever else this may mean, it is an implicit recognition that the district court does *not* have jurisdiction on the *present* record, or on the *present* petition. And it won't have it under *Nadarajah,* either, no matter how much "developing" or "amending" is done. Nadarajah's administrative proceedings had run their course and he was not challenging a removal order because he had won. What he was challenging was the government's ability to detain him indefinitely in the face of those final victories. Herrera–Castanola's administrative proceedings are on-going and neither this court nor the district court has jurisdiction to hear any claim arising out of the decision or action of the Attorney General to commence proceedings or adjudicate cases until administrative remedies are exhausted and a final order of removal is issued. 8 U.S.C. § 1252(d)(1), (g).

As there is no jurisdiction anymore, I dissent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).