**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Sergio TAFOYA–MENDOZA,
Defendant–Appellee.**

No. 05–10259.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2007.

Filed May 16, 2007.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 17, 2007.

Matthew A. Lamberti, Office of the U.S. Attorney, San Jose, CA, Barbara J. Valliere, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellant.

Lara Vinnard, Federal Public Defender's Office, San Jose, CA, for Defendant–Appellee.

Before B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

The United States appeals an order of the district court dismissing the indictment in the instant case. We reverse and remand.

Appellee presents three arguments in support of the district court's decision. None of these arguments remains viable in the wake of this court's en banc decision in *Morales–Izquierdo v. Gonzales*, 477 F.3d 691 (9th Cir.2007) (en banc). First, appellee argues that the district court's decision was appropriate because the panel opinion in *Morales–Izquierdo v. Ashcroft*, 388 F.3d 1299 (9th Cir.2004), required such a result and was correctly decided. Because the subsequent en banc opinion reversed the original panel opinion, this argument fails. Appellee next argues that even if the original decision in *Morales–Izquierdo* was incorrect, the district court's decision can be affirmed on other grounds because the underlying deportation order violated his due process rights. This argument also fails because appellee has not demonstrated that any purported error by his attor-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ney affected the outcome of the proceedings below. Finally, appellee argues that the reinstatement process does not apply to him because he re-entered the country on March 21, 1997, eleven days before the April 1, 1997, effective date of § 241(A)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5). Appellee's argument cannot prevail because he has stipulated to the fact that he also re-entered the country in 2000, more than two years after the effective date of § 241(A)(5). For these reasons the district court order invalidating the indictment is:

**REVERSED AND REMANDED.**