The BIA did not abuse its discretion by denying Zheng's motion to reopen as untimely. Zheng filed the motion a year and eight months after the 90–day filing deadline elapsed and the motion did not fall within any of the exceptions to the dead-

line. *See* 8 C.F.R. § 1003.2(c); *Azanor,* 364 F.3d at 1021–22.

We lack jurisdiction to review the BIA's August 26, 2002, decision denying Zheng's asylum application on the merits, *see Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996)(holding that a motion to reopen does not toll the statutory time to appeal the underlying final order), and Zheng's unexhausted contention regarding custody redetermination, *see Morales–Alegria v. Gonzales,* 449 F.3d 1051, 1059 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gerardo GARCIA–OROZCO, Defendant—Appellant.**

No. 06–10589.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

Raynette M. Logan, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff-Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gerardo Garcia–Orozco, Florence, AZ, pro se.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM[**]

Gerardo Garcia–Orozco appeals from his conviction and 70–month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

Garcia–Orozco's plea agreement contains an appeal waiver that allows him to challenge his prior deportation pending the outcome of a petition for rehearing en banc in *Morales–Izquierdo v. Ashcroft,* 388 F.3d 1299 (9th Cir.2004). A subsequent decision has rendered Garcia–Orozco's challenge to be without merit. *Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 498 (9th Cir.2007) (en banc) (holding that previously deported alien who illegally reenters United States is not entitled to hearing before immigration judge before deportation order is reinstated).

Absent any grounds for invalidating the guilty plea, we enforce the waiver and dismiss the remainder of Garcia–Orozco's appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (explaining that appeal waiver is valid when it is entered knowingly and voluntarily).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

AFFIRMED in part, DISMISSED in part.