# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3372

_____

| | | |
|---|---|---|
| Tomas Munoz-Yepez, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of an |
| | * | Order of the Executive Office |
| Alberto Gonzales, Attorney General; | * | for Immigration Review. |
| Michael Chertoff, Secretary of the | * | |
| Department of Homeland Security, | * | |
| | * | |
| Respondents. | * | |

_____

Submitted: May 17, 2006
Filed: August 30, 2006

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and COLLOTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Tomas Munoz-Yepez, a citizen of Mexico, entered the United States as a lawful permanent resident in March 1987. He pleaded guilty in state court to possessing a controlled substance with intent to distribute in October 1994 and to battery of his girlfriend in July 2004. In September 2004, the Department of Homeland Security initiated this removal proceeding, alleging that Munoz-Yepez was removable because his 1994 conviction was an "aggravated felony" and a "controlled substance" offense, and his 2004 conviction was a "crime of domestic violence." See 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i), (E)(i). After a hearing, the immigration judge (IJ) found

Munoz-Yepez removable and denied him discretionary relief from removal. The Board of Immigration Appeals (BIA) affirmed without opinion. Munoz-Yepez seeks review of the final agency action, arguing primarily that he is entitled to a permanent waiver of the adverse consequences of his felony drug conviction under the Supreme Court's decision in I.N.S. v. St. Cyr, 533 U.S. 289 (2001). We conclude we have jurisdiction to consider the issues raised but deny the petition for review.

**I.**

Before the Immigration & Nationality Act (INA) was substantially amended in 1996, § 212(c)[1] as construed by the BIA afforded a permanent resident alien a discretionary waiver of deportation if he had lived in the United States for seven consecutive years and had not been convicted of an "aggravated felony." Congress repealed § 212(c) in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996), replacing the discretionary waiver of deportation with a more limited and still discretionary cancellation of removal provision. Cancellation of removal is now available to an alien who has been a lawful permanent resident for at least five years, has resided continuously in the United States for seven years, and has no conviction for an expanded universe of aggravated felonies. See INA § 240A, 8 U.S.C. § 1229b(a).

Applying retroactivity principles, the Supreme Court held in St. Cyr that, if an alien was eligible for § 212(c) relief when he pleaded guilty prior to IIRIRA, he remains eligible for that relief. 533 U.S. at 326. Munoz-Yepez was eligible for § 212(c) relief in 1994 when he pleaded guilty to possession with intent to distribute cocaine. This drug trafficking offense was an aggravated felony when he pleaded guilty, see 8 U.S.C. § 1101(a)(43) (1994), but he served only fifteen months in prison

---

[1]Section 212(c) was codified at 8 U.S.C. § 1182(c) (1994). Unless followed by a year in parentheses, all United States Code citations are to the current edition.

for the offense. An aggravated felony conviction did not preclude § 212(c) relief unless the alien served a prison term of at least five years. See 8 U.S.C. § 1182(c) (1994). Thus, under St. Cyr, Munoz-Yepez remains eligible for § 212(c) relief from removal for that conviction.

However, Munoz-Yepez is also removable on account of his 2004 conviction for a crime of domestic violence. If that were the only offense warranting removal, Munoz-Yepez would be eligible for discretionary cancellation of removal relief under § 240A because a domestic violence offense is not an aggravated felony, as currently defined in 8 U.S.C. § 1101(a)(43). The IJ held that Munoz-Yepez is not eligible for cancellation of removal because he also committed the 1994 drug offense, which was an aggravated felony. Munoz-Yepez argues that this ruling violates the statutes as construed in St. Cyr. We reject this contention for two reasons.

First, cancellation of removal under § 240A is only available to an alien who "has not been convicted of *any* aggravated felony." 8 U.S.C. § 1229b(a)(3) (emphasis added). Munoz-Yepez's 1994 drug trafficking offense was an aggravated felony, as defined in IIRIRA, because he served fifteen months in prison. See 8 U.S.C. § 1101(a)(43)(B); 21 U.S.C. §§ 802(13), 841. Munoz-Yepez confuses two distinct statutory concepts when he argues that his 1994 conviction was not an "aggravated felony" because he did not serve 5 years in prison. A felony drug trafficking offense was an aggravated felony under 8 U.S.C. § 1101(a)(43), before and after the IIRIRA amendments. The statutory difference is that an aggravated felony conviction did not preclude § 212(c) relief unless the alien served 5 years in prison, whereas cancellation of removal under § 240A is not available if the alien committed an aggravated felony, which is typically a crime punishable by more than one year in prison. See, e.g., 18 U.S.C. § 3559(a)(5). As Munoz-Yepez committed his domestic violence offense after § 240A was enacted, "retroactive" elimination of the 5-year limitation in § 212(c) is not an issue. IIRIRA expressly provided that the current aggravated felony definition "applies regardless of whether the conviction was entered before, on, or after

September 30, 1996." 8 U.S.C. § 1101(a)(43); see St. Cyr, 533 U.S. at 319; Brown v. Ashcroft, 360 F.3d 346, 353-54 (2d Cir. 2004).

Munoz-Yepez argues that this interpretation of § 240A violates St. Cyr because the § 212(c) relief to which he is entitled "permanently waives the conviction and immigration consequences that flow from that particular crime." We disagree. When the Attorney General grants discretionary § 212(c) relief, "the crimes alleged to be grounds for excludability or deportability do not disappear from the alien's record for immigration purposes." Matter of Balderas, 20 I. & N. Dec. 389, 391 (B.I.A. 1991). Thus, when the alien commits a later offense triggering removal proceedings under IIRIRA, the prior convictions "remain an aggravated felony for purposes of precluding his application for cancellation of removal under § 240A." Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005).

Second, cancellation of removal is not available to aliens "previously . . . granted relief under [INA § 212(c)]." 8 U.S.C. § 1229b(c)(6). Munoz-Yepez argues that he may avoid this restriction by "simultaneously" adjudicating his claims for § 212(c) relief from the drug conviction and for § 240A relief from the domestic violence conviction. We disagree. Congress intended to deny § 240A relief to aliens who commit multiple deportable offenses. Therefore, it does not matter *when* the discretionary § 212(c) is granted; it disqualifies the alien from § 240A relief for a second, post-IIRIRA offense. For this reason, Munoz-Yepez's additional contention that the IJ violated his right to procedural due process by "holding him ineligible to file for simultaneous" relief under § 212(c) and § 240A is without merit because he cannot demonstrate actual prejudice. See Ochoa-Carrillo v. Gonzales, 437 F.3d 842, 847 (8th Cir. 2006).

## II.

Munoz-Yepez further argues that he may not be removed on account of the 1994 aggravated felony drug conviction because 8 U.S.C. § 1227(a)(2)(A)(iii) is limited to convictions "after admission" to the United States, and he came to the United States in 1987, when prior law used the word "entry." See 8 U.S.C. §§ 1101(a)(13), 1251(a)(4) (1990). This contention is without merit. It is based on the fact that Congress in § 308(f) of IIRIRA substituted the word "admission" for the word "entry" in the INA (just as it substituted the word "removal" for the word "deportation"). But IIRIRA expressly defined an "admission" as "the lawful *entry* of the alien into the United States after inspection and authorization by the immigration officer." 8 U.S.C. § 1101(a)(13)(A) (emphasis added). Moreover, Munoz-Yepez was removed because of his 2004 conviction for a domestic violence offense, see 8 U.S.C. § 1227(a)(2)(E)(i), which occurred after both the enactment of IIRIRA and Munoz-Yepez's post-1996 "admission" into the United States following a vacation in Mexico in 1997 or 1998.

## III.

We also reject the government's jurisdiction contention, which we have deferred to the end of this opinion because jurisdiction turns on the nature of the issues Munoz-Yepez has raised for our review. The government argues that 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction to consider this petition because Munoz-Yepez was removed for a 1994 drug conviction that was "a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [or] (B) . . . of this title." In the first place, the argument is misplaced because the IJ explicitly grounded his removal order exclusively upon Munoz-Yepez's 2004 conviction for a crime of domestic violence. Congress did not include this ground for removal in the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2).

Moreover, in response to the Supreme Court's decision in <u>St. Cyr</u>, Congress restored our jurisdiction to review "constitutional claims or questions of law raised upon a petition for review."  REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (2005), codified at 8 U.S.C. § 1252(a)(2)(D). Though Munoz-Yepez has failed to persuade us that the IJ misinterpreted the Supreme Court's decision in <u>St. Cyr</u>, or the scope of § 212(c) relief, or the meaning of the term "admission" in the current INA, or his due process right to simultaneous proceedings, these are questions of law and constitutional claims within the meaning of § 1252(a)(2)(D).  <u>See</u> <u>Arellano-Garcia v. Gonzales</u>, 429 F.3d 1183, 1185-87 (8th Cir. 2005); <u>Grass v. Gonzales</u>, 418 F.3d 876, 878-79 (8th Cir. 2005); <u>Lopez v. Gonzales</u>, 417 F.3d 934, 936 (8th Cir. 2005), <u>cert. granted on other grounds</u>, 126 S. Ct. 1651 (2006).  Thus, we have jurisdiction to review these issues.

For the foregoing reasons, we deny the petition for review.

_____