# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2792

_____

Elizabeth Walter Ochiagha,                  *
                                            *
                    Petitioner,             *
                                            *  Petition for Review of
          v.                                *  an Order of the
                                            *  Board of Immigration Appeals.
Alberto Gonzales, Attorney General          *
of the United States of America,            *  [UNPUBLISHED]
                                            *
                    Respondent.             *

_____

Submitted: November 3, 2006
    Filed:  December 4, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Elizabeth Walker Ochiagha, a citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of cancellation of removal.[1]

_____

[1]In her petition for review, Ochiagha states that she is also appealing from the denial of asylum, withholding of removal, and Convention Against Torture relief, but she has waived review of those claims by not presenting any argument on them in her brief. See Alyas v. Gonzales, 419 F.3d 756, 760 (8th Cir. 2005) ("Because [petitioner] does not argue these issues in his brief, we do not consider them as part of the petition for review."); Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir.

We lack jurisdiction to review the IJ's determination that Ochiagha failed to show the requisite exceptional and extremely unusual hardship to her United-States-citizen children.  See 8 U.S.C. § 1229b(b) (cancellation-of-removal eligibility requirements); 8 U.S.C. § 1252(a)(2)(B) (no court shall have jurisdiction to review any judgment regarding granting of cancellation of removal); De La Vega v. Gonzales, 436 F.3d 141, 144-46 (2d Cir. 2006) (appeals court is precluded from reviewing discretionary determination as to whether alien meets exceptional-and-extremely-unusual hardship threshold).

We do have jurisdiction to consider Ochiagha's due process claim, see Munoz-Yepez v. Gonzales, No. 2006 WL 2483209, at *3 (8th Cir. Aug. 20, 2006), but we find that claim unavailing as Ochiagha has pointed to nothing in the record suggesting that she was denied a full and fair opportunity to present her case, or that the IJ or the BIA otherwise deprived her of fundamental fairness, see Xiao Ji Chen v. Gonzales, 434 F.3d 144, 155 (2d Cir. 2006); Lopez v. Heinauer, 332 F.3d 507, 512-13 (8th Cir. 2003).

Accordingly, we deny the petition.  We previously granted Ochiagha's motion for a stay of her removal and voluntary-departure period; the remaining period in which she may voluntarily depart the United States shall begin to run when our mandate in this case is issued, see Falaja v. Gonzales, 418 F.3d 889, 899-900 (8th Cir. 2005).

_____

2004) (petitioner waived claims by not presenting meaningful argument on it in his appellate brief).