# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1034

_____

Omar Garza Alvarado,                        *
                                            *
              Petitioner,                   *
                                            *
        v.                                  *   Petition for Review from the Board
                                            *   of Immigration Appeals.
Alberto Gonzales, Attorney General          *
of the United States of America,            *   [PUBLISHED]
                                            *
              Respondent.                   *

_____

Submitted: April 9, 2007
Filed: April 17, 2007

_____

Before MURPHY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Omar Garza Alvarado, a citizen of Mexico, was charged with being removable after he pled guilty to and was convicted of possession of firearms and ammunition by an unlawful user of a controlled substance, in violation of 18 U.S.C.§§ 922(g)(3), 924(a)(2), and possession of a controlled substance, in violation of 21 U.S.C. § 844(a), 18 U.S.C. § 2. The Immigration Judge (IJ) found Garza removable as an aggravated felon, pretermitting his application for cancellation of removal. The Board of Immigration Appeals (BIA) affirmed.

Garza asserts that although he pled guilty to possessing a firearm, he did not commit an aggravated felony because his guns – a .22 caliber rifle and a 12 gauge shotgun – were used for sporting purposes. The petition for review is denied.

I.

The Immigration and Nationality Act (INA) limits this court's jurisdiction to review discretionary decisions of the BIA. *Solano-Chicas v. Gonzales*, 440 F.3d 1050, 1054 (8th Cir. 2006). However, this court retains the power to consider whether the BIA "properly applied the law to the facts in determining an individual's eligibility to be considered for the relief." *Id.* at 1055. This court reviews de novo the BIA's legal determinations and grants deference to its interpretation of the INA. *Nyirenda v. INS*, 279 F.3d 620, 623 (8th Cir. 2002).

Any alien convicted of an aggravated felony is removable. *See* INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). An aggravated felony means "an offense described in . . . section 922(g)(3) . . . of title 18, United States Code." *See* INA § 101(a)(43)(E)(ii), 8 U.S.C. § 1101(a)(43)(E)(ii). The IJ determined that Garza was removable as an aggravated felon because he violated section 922(g)(3).

The attorney general may cancel removal of an alien who is deportable if the alien (1) has been a lawfully admitted permanent resident for not less than five years, (2) has resided in the United States continuously for 7 years after having been admitted, and (3) has not been convicted of an aggravated felony. *See* INA § 240(A)(a), 8 U.S.C. § 1229b(a); *Munoz-Yepez v. Gonzales*, 465 F.3d 347, 349 (8th Cir. 2006). The IJ found, and BIA affirmed, that Garza was ineligible for cancellation of removal because he was convicted of an aggravated felony.

Garza argues that his conviction is not an aggravated felony because he possessed the firearms for sporting purposes. In the plea agreement in his criminal

case, the parties agree that the base offense level under the Sentencing Guidelines is reduced because the defendant possessed the firearm "solely for lawful sporting purposes."

A firearm is defined in 18 U.S.C. § 921(a)(3) as:

(A) any weapon (including a starting gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of such a weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.

Category D, any destructive device, excepts:

(C) . . . .
any other device which the Attorney General finds is not likely to be used as a weapon, is an antique, or is a rifle which the owner intends to use solely for sporting, recreational, or cultural purposes.

18 U.S.C. § 921(a)(4).

Garza contends that the sporting exception modifies the definition of firearm for the purposes of removal. Garza relies on *Lemus-Rodriguez v. Ashcroft*, 350 F.3d 652, 655 (7th Cir. 2003), where the petitioner was "not barred from claiming his criminal use of the rifle had a cultural purpose." *Lemus-Rodriguez* is inapposite because the alien there was convicted of "attempted reckless discharge of a firearm, in violation of Illinois law," which is not expressly defined as an aggravated felony in the INA. *See id.* at 653. *Lemus-Rodriguez* thus does not address a conviction defined as an aggravated felony, as relevant here, an "offense described in . . . section 922(g)(3)." *See* INA § 101(a)(43)(E)(ii), 8 U.S.C. § 1101(a)(43)(E)(ii).

Here Garza pled guilty to and was convicted of violating 18 U.S.C. § 922(g)(3). The guilty-plea transcript in the criminal case recites:

THE COURT: All right. Please stand. As to Count One, possession of firearms and ammunition by an unlawful user of a controlled substance, in which the United States Attorney has charged that on or about October 1, 2004 in the District of North Dakota and elsewhere, Omar Alvarado Garza, then being an unlawful user of a controlled substance, possessed in and affecting commerce firearms and ammunition, specifically, the firearms described in the Information, all in violation of Title 18, United States Code, Sections 922(g)(2)[1] and 924(a)(2), to that charge how do you plead? Guilty or not guilty?

THE DEFENDANT: Guilty.

A.R. 144-45. The judgment says:

Accordingly, the defendant is adjudged guilty of such count, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded |
|---|---|---|
| 18 U.S.C. § 922(g)(3) and 924(a)(2) | Possession of Firearms and Ammunition by an Unlawful User of a Controlled Substance | 10-01-04 |

Garza was convicted of violating section 922(g)(3). The plain text of the INA says, "The term 'aggravated felony' means . . . an offense described in . . . section 922(g)(3)." *See* INA § 101(a)(43)(E)(ii), 8 U.S.C. § 1101(a)(43)(E)(ii). "Cancellation of removal under § 240A is only available to an alien who 'has not been convicted of *any* aggravated felony.'" *Munoz-Yepez*, 465 F.3d at 349 (emphasis in original). *See* 8 U.S.C. § 1229b(a)(3). As Garza was convicted of violating section 922(g)(3), for purposes of removal and cancellation of removal, he is an aggravated felon. The BIA

---

[1] All the documents and the other oral references in the criminal case are to section 922(g)(3).

-4-

did not err in affirming the IJ's decision finding him removable and statutorily ineligible for cancellation of removal.

## II.

The petition for review is denied.

_____