Peralta-Taveras v. Gonzales

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2006

(Argued: May 10, 2007

Decided: May 22, 2007
Amended: June 6, 2007)

Docket No. 06-2125-ag

ROBERTO PERALTA-TAVERAS,

*Petitioner*,

− v. −

ATTORNEY GENERAL, ALBERTO R. GONZALES, DEPARTMENT OF HOMELAND
SECURITY, TOM RIDGE, SECRETARY, US IMMIGRATION AND CUSTOMS
ENFORCEMENT, MICHAEL GARCIA, ASSISTANT SECRETARY, INS DISTRICT
DIRECTOR, STEVEN FARQUHARSON, BOSTON, DHS DETENTION & REMOVAL
OPERATIONS, GEORGE SULLIVAN, INTERIM OFFICER IN CHARGE,

*Respondents*.

Before: B.D. PARKER, RAGGI, WESLEY, *Circuit Judges*.

Petition for review of the BIA's decision denying applications for relief under former
INA § 212(c) and current INA § 240A(a). Denied.

JUSTIN CONLON, North Haven, CT, *for Petitioner*.

WILLIAM J. NARDINI, Assistant United States Attorney, (Douglas P. Morabito,

Assistant United States Attorney, *on the brief*) *for* Kevin O'Connor, United States Attorney for the District of Connecticut, *for Respondents*.

AMENDED PER CURIAM:

Petitioner Roberto Peralta-Taveras ("Peralta"), a native and citizen of the Dominican Republic, seeks review of a July 8, 2004 order of the BIA affirming the January 16, 2004 decision of Immigration Judge ("IJ") Michael W. Straus denying Peralta's applications for waiver of deportation under former § 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed 1996), and cancellation of removal under § 240A(a) of the INA, 8 U.S.C. § 1229b(a). *In re Roberto Peralta-Taveras*, No. A 34 018 588 (B.I.A. July 8, 2004), *aff'g* No. A 34 018 588 (Immig. Ct. Hartford Jan. 16, 2004).

## BACKGROUND

On January 16, 1996, Peralta was convicted of attempted possession of a forged instrument and sale of a controlled substance. On June 9, 1997, he was convicted of attempted possession of marijuana. Peralta pled guilty in both instances. Removal proceedings were initiated in 2000, charging that Peralta was subject to removal from the United States because his 1996 narcotics trafficking offense was an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), *see* 8 U.S.C. § 1101(a)(43)(B), as well as a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i).[1] On January 16, 2004, after Peralta conceded removability, the IJ found Peralta removable to the Dominican Republic. The IJ denied Peralta's applications for waiver of deportation under § 212(c) and cancellation of removal under § 240A(a), concluding that (1) although Peralta was eligible for former § 212(c) relief, the plain language of § 240A(a)(3)

---

[1] In 2001, the INS supplemented these allegations and contended that Peralta's other convictions also rendered him removable.

precludes Peralta from receiving cancellation of removal because of his aggravated felony convictions, and (2) section 240A(c)(6) barred simultaneous relief under both § 212(c) and § 240A. The BIA affirmed the IJ's decision without opinion.

Peralta filed a petition for a writ of habeas corpus in the United States District Court for the District of Connecticut in July 2004, seeking relief from the order of removal. In May 2006, the district court transferred the habeas petition to us pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106, 119 Stat. 231, 310. Peralta seeks a remand to the IJ to obtain simultaneous consideration of his applications for relief under § 212(c) and § 240A(a). We deny the petition.

## DISCUSSION

Prior to 1990, the Attorney General was authorized to grant discretionary relief from exclusion or deportation under former § 212(c) of the INA to certain lawful permanent resident aliens who had lawfully resided in the United States for seven consecutive years. *See* 8 U.S.C. § 1182(c) (repealed 1996). Congress amended the INA in 1990 to eliminate § 212(c) relief for any "alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years." Immigration Act of 1990 ("IMMACT"), Pub. L. No. 101-649, § 511(a), 104 Stat. 4978, 5052 (Nov. 29, 1990). In 1996, Congress again amended § 212(c) to bar relief to any alien convicted of an aggravated felony, regardless of the term of imprisonment. *See* Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (Apr. 24, 1996). Later that year, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-546, 3009-597 (Sept. 30, 1996), which repealed § 212(c) altogether. Section

240A(a) of the IIRIRA authorizes the Attorney General to "cancel removal" of an alien who is inadmissible or deportable if the alien:

> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
> (3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a).

In 2001, applying retroactivity principles, the Supreme Court held in *United States v. St. Cyr*, 533 U.S. 289, 315 (2001), that if an alien was eligible for a § 212(c) waiver when he pleaded guilty prior to the enactment of IIRIRA, he remains eligible for that form of relief. Peralta's 1996 aggravated felony convictions occurred prior to the enactment of IIRIRA, and his 1997 conviction occurred after the passage of IIRIRA. Accordingly, it is undisputed that Peralta would have been eligible for waiver of deportation under § 212(c) for his 1996 aggravated felony convictions despite Congress's subsequent repeal of that statute. The issue presented here, however, is whether Peralta is also eligible for cancellation of removal under § 240A(a) for his 1997 drug conviction through simultaneous consideration of his applications for relief under § 212(c) and § 240A(a).

The IJ concluded that cancellation of removal was ultimately not available to Peralta because (1) his 1996 aggravated felony convictions rendered him ineligible for cancellation of removal for his 1997 drug conviction under the plain language of § 240A(a)(3); and (2) section 240A(c)(6) barred simultaneous relief under both § 240A(a) and § 212(c). Peralta argues that he is entitled to such relief because Congress's intention as to the application of § 240A(a) to a petitioner who is also eligible for § 212(c) relief is ambiguous. This ambiguity, according to

-4-

Peralta, should be interpreted in his favor so as to permit him to obtain simultaneous consideration of his applications for waiver under § 212(c) and cancellation of removal under § 240A(a), which would render him eligible for discretionary relief from deportation. We disagree.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's opinion. *See Secaida-Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). We do not extend *Chevron* deference to any statutory construction of the INA set forth in a summarily affirmed IJ opinion. *See, e.g.*, *Shi Liang Lin v. U.S. Dep't. of Justice*, 416 F.3d 184, 190-91 (2d Cir. 2005).

Peralta's challenge to the IJ's decision begins with his assertion that because Congress repealed § 212(c) and replaced it with § 240A(a) and could not have foreseen that the Supreme Court in *St. Cyr* would maintain eligibility for § 212(c) relief for certain aliens after it was repealed, its intention with respect to whether an alien may seek simultaneous relief under § 240A(a) and § 212(c) is necessarily also ambiguous.

This argument is contrary to the well-established rules of statutory construction, which instruct that our inquiry begins with the plain language of the statute and "where the statutory language provides a clear answer, it ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999); *see also Ruiz-Almanzar v. Ridge*, No. 05-4380, – F.3d –, 2007 U.S. App. LEXIS 10867, *11-13 (2d Cir. May 8, 2007) (holding that under a plain-language analysis, AEDPA § 440(d) is unambiguous in barring relief to all aggravated felons). The text of § 240A(a) is clear and unambiguous – cancellation of removal is not available to aliens who have been convicted of an aggravated felony.[2] Legislative history is not to be used to "beget"

---

[2] To the extent Peralta implies that the § 240A(a) bar against eligibility for aggravated felons violates due process, there is no improper retroactive application of the statute. *See Kuhali v. Reno*, 266 F.3d 93, 111 (2d Cir. 2001) (holding that retroactive application of IIRIRA's changes to the definition of "aggravated felony" does not violate due process); *Campbell v.*

ambiguity in an otherwise unambiguous statute. *Callanan v. United States*, 364 U.S. 587, 596 (1961). The IJ's application of § 240A(a) was straightforward: since Peralta has been convicted of an aggravated felony, he is not eligible for cancellation of removal.

The IJ correctly concluded that Peralta cannot obtain relief from deportation through simultaneous consideration of his applications for cancellation of removal under § 240A and a waiver under § 212(c). The granting of a § 212(c) waiver does not expunge the underlying offense or its categorization as an aggravated felony. *See, e.g.*, *Chan v. Gantner*, 464 F.3d 289, 295 (2d Cir. 2006) (observing that "a waiver under section 212(c) does not preclude the INS or the courts from relying on the underlying offense to bar other forms of immigration relief or benefits"); *Matter of Balderas*, 20 I. & N. Dec. 389, 391 (B.I.A. 1991) ("[S]ince a grant of section 212(c) relief 'waives' the finding of . . . deportability rather than the basis of the excludability itself, the crimes alleged to be grounds for . . . deportability do not disappear from the alien's record for immigration purposes."). Therefore, regardless of the availability of a § 212(c) waiver, Peralta's 1996 aggravated felony convictions remain and preclude his application for cancellation of removal under § 240A(a). While we have not previously ruled on this question, the Third, Fifth, Eighth, and Ninth Circuits have recently rejected similar claims -- holding that, the granting of § 212(c) relief waives deportability but, under the plain language of

_____

*Ashcroft*, No. 04-2016, 2004 WL 1563022, at * 4-5 (E.D. Pa. July 12, 2004) (rejecting a petitioner's due process challenge to retroactive application of the aggravated felony bar in § 240A(a)(3)). The determination of whether a statute is impermissibly retroactive looks to whether application of the statutory provision "attaches a new disability, in respect to transactions or considerations already past" and "should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations." *St. Cyr*, 533 U.S. at 321 (internal quotation marks omitted). At the time of Peralta's 1997 guilty plea for attempted marijuana possession – a controlled substance offense subjecting him to removal under 8 U.S.C. § 1227(a)(2)(B)(i) – Peralta was on notice that his prior convictions would preclude him from seeking § 240A relief if convicted of another removable offense.

§ 240A(a), the aggravated felony conviction would still bar cancellation of removal. *See Becker v. Gonzales*, 473 F.3d 1000, 1003-04 (9th Cir. 2007); *Amouzadeh v. Winfrey*, 467 F.3d 451, 458-59 (5th Cir. 2006); *Munoz-Yepez v. Gonzales*, 465 F.3d 347, 350 (8th Cir. 2006); *Rodriguez-Munoz v. Gonzales*, 419 F.3d 245, 248 (3d Cir. 2005). We align ourselves with those circuits.

Peralta's reliance on *Matter of Gabryelsky*, 20 I. & N. Dec. 750 (B.I.A. 1993), where the BIA allowed simultaneous applications for adjustment of status under § 245(a) and waiver of inadmissibility under § 212(c), is misplaced. In that case, the BIA based its conclusion on a regulation permitting combined § 245(a) and § 212(c) applications, and on the fact that granting each form of relief made an alien statutorily eligible for the other form. *Id.* at 754-56. Gabryelsky, who had both a drug conviction and a weapons conviction, could use § 212(c) to waive the inadmissibility finding that arose from his drug conviction. *Id.* at 753. Thus, by obtaining § 212(c) relief, Gabryelsky would remove the statutory bar to his adjustment of status application. *See* 8 U.S.C. § 245(a) (requiring that the applicant be "admissible to the United States for permanent residence" in order to be eligible for adjustment of status). Crucial to the holding in *Gabryelsky* is the fact that the statutory bar to eligibility for adjustment of status was the *existence* of an inadmissibility ground, which is precisely what § 212(c) waives. In contrast, the statutory bar to eligibility in § 240A(a) is the *conviction* for an aggravated felony, which § 212(c) cannot remove. Thus, even if Peralta could waive the finding of inadmissibility with regard to his aggravated felony conviction, he would still remain a person who has been "convicted of an aggravated felony." It is that conviction itself that renders Peralta ineligible for the requested relief.

-7-

Moreover, granting one form of relief precludes the other, whether or not the applications are simultaneous. *See Munoz-Yepez*, 465 F.3d at 350 ("[I]t does not matter *when* the discretionary § 212(c) is granted; it disqualifies the alien from 240A relief for a second, post-IIRIRA offense." (emphasis in original)). Section 240A(c)(6) expressly precludes cancellation of removal for aliens who have previously received relief under § 212(c):

> The provisions of subsections (a) and (b)(1) of this section shall not apply to any of the following aliens: . . .
> (6) An alien whose removal has previously been cancelled under this section or whose deportation was suspended under section 1254(a) of this title or who has been granted relief under section 1182(c) of this title [former INA § 212(c)], as such sections were in effect before September 30, 1996.

8 U.S.C. § 1229b(c)(6).[3] As explained above, Peralta contends that, if he first obtains a § 212(c) waiver for his January 1996 convictions, those convictions "cease to be aggravated felonies that make him removable," thus making him eligible for cancellation of removal under § 240A(a). Under Peralta's theory of relief, then, the § 212(c) waiver must be granted before cancellation of removal. The plain language of § 240A(c)(6), however, bars an alien who previously received § 212(c) relief from receiving cancellation of removal. Peralta's claim thus cannot survive § 240A(c)(6).

---

[3] Peralta again attempts to inject ambiguity into the plain language of § 240A(c)(6), arguing that, after *St. Cyr,* the statute "is ambiguous [as to] whether Congress intended for this section to apply to post-IIRIRA § 212(c) waivers." As discussed above, Peralta's assertion does not comport with the rules of statutory construction. Furthermore, Peralta does not claim that application of § 240A(c) to a post-IIRIRA § 212(c) waiver violates his right to due process, and "agrees that the provisions of subsection (c)(6) indicate that Congress only wanted to give lawful permanent residents one chance to obtain waiver of removal for criminal convictions." *See Maldonado-Galindo v. Gonzales*, 456 F.3d 1064, 1067 (9th Cir. 2006) (observing that "Congress stated unequivocally [through § 240A(c)(6)] that an alien may not have more than one bite at the cancellation of removal/waiver of inadmissibility apple").

Because § 240A(a) unambiguously precludes cancellation of removal for aliens previously convicted of an aggravated felony or previously granted relief under § 212(c), we do not address Peralta's arguments that the provision should be interpreted in conformity with United States treaties and customary international law. *See Hughes Aircraft*, 525 U.S. at 438; *Guaylupo-Moya v. Gonzales*, 423 F.3d 121, 133 (2d Cir. 2005) (observing that if Congress's intent is plain from the statute, "then Article III courts, which can overrule Congressional enactments only when such enactments conflict with the Constitution, must enforce the intent of Congress irrespective of whether the statute conforms to customary international law" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.