# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4164

_____

Gabriel Treto-Diaz; Margarita     *
Treto-Ribera,     *
    *
       Petitioners,     *
    *  Petition for Review of an
      v.     *  Order from the Board
    *  of Immigration Appeals.
Michael B. Mukasey,[1] U.S. Attorney     *
General,     *  [UNPUBLISHED]
    *
       Respondent.     *

_____

Submitted: February 28, 2008
Filed: March 10, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gabriel Treto-Diaz and Margarita Treto-Ribera petition for review of an order of the Board of Immigration Appeals (BIA) denying their motion to reconsider an earlier decision affirming the immigration judge's (IJ) decision finding that petitioners did not meet the hardship requirement for cancellation of removal. For reversal,

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

petitioners assert the agency violated their right to due process by failing to give sufficient consideration to their arguments.

We note that the order petitioners asked the BIA to reconsider--its discretionary decision that petitioners failed to qualify for cancellation of removal--was itself unreviewable. Therefore, we conclude that we also lack jurisdiction to review the BIA's denial of petitioners' motion to reconsider. See 8 U.S.C. § 1229b(b) (cancellation-of-removal eligibility requirements for nonpermanent residents); 8 U.S.C. § 1252(a)(2)(B) (no court shall have jurisdiction to review any discretionary judgment regarding granting relief under, inter alia, § 1229b); Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007) (whether alien meets exceptional-and-extremely-unusual-hardship threshold is "precisely the discretionary determination that Congress shielded from our review" under § 1252(a)(2)(B)); cf. Rodriguez v. Ashcroft, 253 F.3d 797, 800 (5th Cir. 2000) (if appellate court is divested of jurisdiction to review original hardship decision, it must also be divested of jurisdiction to review denial of motion to reopen; "to hold otherwise would create a loophole that would thwart the clear intent of Congress that the courts not review the discretionary decisions of the BIA").

Although petitioners purport to raise a due process challenge to the BIA's order, see Munoz-Yepez v. Gonzales, 465 F.3d 347, 351 (8th Cir. 2006) (appeals court has jurisdiction to review constitutional claims raised in petition for review), we conclude their challenge merely attacks the substance of the BIA's decision, see Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam) (although appellate review includes constitutional challenges, "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb") (quoting Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001)); see also Saloum v. U.S. Citizenship & Immigration Servs., 437 F.3d 238, 243-44 (2d Cir. 2006) (per curiam) (alien's invocation of due process language in petition for review of discretionary denial of removal relief did not allege colorable

constitutional violation; alien did not allege denial of full and fair hearing or that he was otherwise denied due process, but only alleged that IJ erred in weighing evidence and reached wrong outcome).

Accordingly, we deny the petition.

_____