MURPHY, Circuit Judge,
dissenting.
I agree with the majority that the board did not conflate the “changed” and “extraordinary” circumstances requirements, but I do disagree with the conclusion that the board’s decision that Goromou’s November letter was not a “material” change in circumstances cannot be reviewed. That decision rested on a pure legal error which we have jurisdiction to review.
Though courts generally lack jurisdiction to review determinations regarding exceptions to the one year asylum deadline. 8 U.S.C. § 1158(a)(3), the REAL ID Act of 2005 clarified that we retain jurisdiction over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). Only “the BIA’s factual findings or discretionary judgments ... are insulated from judicial review.” Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir.2007). Interpretations of statutes, including the definition of statutory terms, are legal questions over which we retain jurisdiction. Munoz-Yepez v. Gonzales, 465 F.3d 347, 351 (8th Cir.2006). “When the BIA applies an incorrect legal standard, the proper remedy is to remand the case to the agency for further consideration.” Corado v. Ashcroft, 384 F.3d 945, 948 (8th Cir.2004).
A fact is material if it is “predictably capable of affecting [or] had a natural tendency to affect [ ] the official decision.” Kungys v. United States, 485 U.S. 759, 771, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). The majority characterizes the materiality inquiry as one of applying law to facts, ante at 579-80 (citing Abraham v. Holder, 647 F.3d 626, 632 (7th Cir.2011)), and that therefore the board’s decision is a discretionary judgment insulated from our review. I agree that if the board had decided that the November letter was not “predictably capable of affecting [or] had a natural tendency to affect” the validity of Goromou’s asylum claim, Kungys, 485 U.S. at 771, 108 S.Ct. 1537, we would not be able to review that decision.
The problem in this case is that the board made no such finding. Nowhere in its decision does the board analyze the November letter under the proper materiality standard, making it impossible to determine the legal basis for the board’s decision. See Omondi v. Holder, 674 F.3d 793, 800-01 (8th Cir.2012) (“The IJ or BIA *581 must give reasons that are specific enough that a reviewing court can appreciate the reasoning behind the decision and before the requisite judicial review”) (quotation omitted). Here, the IJ had conceded that the letter did in fact have an impact on her decision, both by buttressing Goromou’s credibility and by helping establish a likelihood of future persecution. The board did not hold that the letter was immaterial because it was not capable of affecting the asylum decision, but that the letter only “reiterate[d] the problems first outlined to him earlier by his spouse in his telephone call.” While the board concluded this letter may have “provided additional support for [Goromou’s] claim of fear of the government,” it did not articulate a new and independent basis upon which Goromou could claim asylum.
This was an erroneous interpretation of what changes qualify as “material,” and thus was purely an error of law. Nothing in the statute or our precedents requires that changed circumstances provide an additional ground for relief, only that they “materially affect the applicant’s eligibility for asylum.” 8 U.S.C. § 1158(a)(2)(D). Kungys only requires that the change have a natural tendency to affect the claim for asylum. Goromou’s case is an excellent example of how new evidence can have such an effect even when it only buttresses a previously available ground for relief.
Had Goromou submitted his asylum application prior to receiving the “nonmaterial” November letter, he likely would have lost. Without the letter, Goromou’s asylum case rested solely on (1) an uncorroborated phone call alleging he was on a “black list” of indeterminate date based on events that had occurred a decade prior, and (2) that he had been simultaneously scheduled for execution while being sent to America for a prestigious military training exercise. The IJ stated that she found this sequence of events “strange” and “slightly implausible.” By the IJ’s own admission, however, it was the additional corroborating evidence, including the November letter, that convinced her to believe Goromou’s story, and was likewise essential in proving to the IJ that Goro-mou would “more likely than not ... face persecution if he returns to Guinea.”
Adopting the board’s novel definition of “material” could have the perplexing consequence of forcing an applicant to file an unsubstantiated asylum claim in similar circumstances because the evidence that would actually establish an objective fear of future persecution would not qualify as material. If the board’s error were characterized as one of discretion rather than law, it is unclear if there could ever be a case where we could review and correct a mistaken interpretation of the statutory term “materially.”
Section 1252(a)(2)(D) shields discretionary judgments by the board from reversal by the appellate courts, preserving appellate review only for legal and constitutional errors. It is thus unsurprising that immigrants will try to “cloak[] an abuse of discretion argument in constitutional [or legal] garb” in an attempt to access judicial review. Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir.2006). On the other hand, opposing counsel may characterize legal errors as discretionary judgments in order to insulate such mistakes from review.
Faithful application of the REAL ID Act requires careful review of the whole record to distinguish legal errors from matters of discretion. Here, the board’s mistake was of a purely legal character. Once the IJ determined that the letter impacted Goro-mou’s credibility and his likelihood of facing future persecution, materiality was established. The board’s decision rests wholly on its erroneous interpretation that *582 “materially” in § 1158 requires that a change in circumstances create a new basis for relief. Such a mistake is one of statutory interpretation, not discretionary judgment, and lies within the court’s jurisdiction to correct. See Munoz-Yepez, 465 F.3d at 351. I would therefore vacate the board’s decision and remand for determination of whether the 38 day delay between Goromou’s receipt of the letter and his asylum filing was reasonable.