# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2652

_____

Ruben Rodriguez-Nevarez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 20, 2015
Filed: March 12, 2015
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Ruben Rodriguez-Nevarez petitions for review of an order of the Board of Immigration Appeals upholding an immigration judge's order (1) finding petitioner removable, due to his state conviction for a controlled substance violation, and (2) pretermitting his applications for cancellation of removal and discretionary waiver of inadmissibility, because of statutory ineligibility. Petitioner

argues that the Board of Immigration Appeals committed legal error, and violated his due process rights, by pretermitting his applications for relief without reviewing his claim regarding the retroactivity of amendments to the Immigration and Nationality Act.

Having carefully reviewed the record and the parties' submissions, we conclude that neither argument is sufficiently colorable to invoke our appellate jurisdiction. See 8 U.S.C. § 1252(a)(2)(C), (D); Munos-Yepez v. Gonzales, 465 F.3d 347, 350-51 (8th Cir. 2006); Arellano-Garcia v. Gonzales, 429 F.3d 1183, 1185 (8th Cir. 2005). Petitioner does not challenge the Board's decision in Matter of Abdelghany, 26 I&N Dec. 254 (2014), distinguishing INS v. St. Cyr, 533 U.S. 289 (2001). Accordingly, we dismiss the petition.

LOKEN, Circuit Judge, concurring.

In my view, whether the BIA properly distinguished INS v. St. Cyr, 553 U.S. 289 (2001), is an issue of law which we have jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). However, I agree with the BIA's resolution of this issue and therefore concur.

_____