KELLY, Circuit Judge, dissenting.
 

 I respectfully dissent because I believe the court makes a factual finding that the
 agency never made. I agree that any change in an asylum-seeker's circumstances must be material,
 
 see
 

 8 U.S.C. § 1158
 
 (a)(2)(D), and that we lack jurisdiction to review the agency's materiality findings.
 
 See
 

 Cambara-Cambara v. Lynch
 
 ,
 
 837 F.3d 822
 
 , 825 (8th Cir. 2016). But, I do not think the immigration judge made a finding as to whether the change in Burka's circumstances was material. Rather, quoting the immigration judge: "[Burka] did not have new fears that might constitute a change in circumstances, but rather her existing fears worsened.
 
 Therefore
 
 , these fears do not constitute a change in [her] circumstance that would legally excuse her filing delay." (Emphasis added). I would take the immigration judge at her word, and read her opinion as resting on the erroneous legal premise that only new fears can qualify as changed circumstances within the meaning of § 1158(a)(2)(D). I would therefore find that this court has jurisdiction over Burka's petition for review of this question of law.
 
 Munoz-Yepez v. Gonzales
 
 ,
 
 465 F.3d 347
 
 , 351 (8th Cir. 2006) (issues of statutory interpretation are questions of law);
 
 see also
 

 Bin Jing Chen v. Holder
 
 ,
 
 776 F.3d 597
 
 , 601 (8th Cir. 2015) ("We lack jurisdiction to review a determination that an application for asylum is untimely,
 
 except when the petition seeks review of constitutional claims or questions of law
 
 ." (cleaned up) (emphasis added) ).
 

 I also believe that
 
 Cambara-Cambara
 
 is distinguishable. In that case, the petitioners' father was attacked after he and other family members had previously fallen victim to similar acts of violence.
 
 Cambara-Cambara
 
 ,
 
 837 F.3d at 824
 
 . The petitioners argued that the attack on their father "qualifie[d] as changed circumstances because it 'provided further evidence of the type of persecution already suffered.' "
 

 Id.
 

 at 825
 
 . Here, Burka does not argue that her husband's disappearance is additional evidence of the persecution she has already suffered. Rather, she asserts that her husband's disappearance is
 
 itself
 
 a changed circumstance-a material worsening of the risk of persecution she will face if she returns to Ethiopia. And, in my view, the mere fact that the immigration judge did not engage in extensive statutory analysis does not make the statement at issue any less a conclusion of law. For these reasons, I would grant the petition and remand this case to the agency for further proceedings.