# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1481

———————

Bokole Elongo Mompongo,      *
     *

         Petitioner,      *

     * Petition for Review of an

       v.      * Order of the Board of

     * Immigration Appeals.

Alberto Gonzales, Attorney General      *
of the United States,      *
     *

         Respondent.      *

———————

Submitted: February 18, 2005
Filed: May 5, 2005

———————

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

———————

RILEY, Circuit Judge.

Bokole Elongo Mompongo (Mompongo), a native and citizen of the Democratic Republic of Congo (DRC), petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming without opinion the Immigration Judge's (IJ) decision denying Mompongo's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We dismiss Mompongo's asylum claim, because we lack jurisdiction to review the decision that the asylum application was untimely. On the merits of Mompongo's requests for withholding of removal and CAT protection, we deny Mompongo's petition.

## I.    BACKGROUND

Mompongo arrived in the United States from the DRC, formerly Zaire, on March 12, 1997, on a temporary work visa that authorized him to remain in the United States until June 30, 1999. He overstayed his visa, and, on February 21, 2001, Mompongo applied for asylum. The Immigration and Naturalization Service commenced removal proceedings on August 14, 2001.

At an initial hearing, Mompongo admitted the factual allegations contained in the notice to appear; conceded removability; and applied for asylum, withholding of removal, and protection under the CAT. The IJ held an evidentiary hearing, during which Mompongo presented no witnesses other than himself. Mompongo testified he fears persecution if he returns to the DRC, because of his family's associations with the former Mobutu regime, and because of his participation in the youth wing of the Mobutu party.

The IJ concluded Mompongo failed to file his application for asylum within one year of his arrival in the United States, and no changed or exceptional circumstances justified an exception to the one-year requirement. Therefore, the IJ denied as untimely Mompongo's asylum application. The IJ also denied Mompongo's claims for withholding of removal and CAT protection, but granted his request for voluntary departure. The BIA affirmed without opinion. Therefore, for purposes of judicial review, the IJ's decision constitutes the final agency determination. See Aden v. Ashcroft, 396 F.3d 966, 967 n.1 (8th Cir. 2005).

## II.    DISCUSSION

Mompongo first challenges the IJ's determination that Mompongo failed to demonstrate changed or extraordinary circumstances excusing the late filing of his asylum application. To qualify for asylum, an alien must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). This provision,

however, does not apply if the applicant can "demonstrate[] to the satisfaction of the Attorney General either . . . changed circumstances which materially affect the applicant's eligibility . . . or extraordinary circumstances" to justify the delay in filing the application. 8 U.S.C. § 1158(a)(2)(D). Section 1158(a)(3) provides "[n]o court shall have jurisdiction to review" the Attorney General's determination under section 1158(a)(2).

Pursuant to section 1158(a)(2)(B), the IJ denied as untimely Mompongo's application for asylum. The IJ explained that Mompongo filed his application more than one year after arriving in the United States, and the IJ found no changed or extraordinary circumstances to excuse the delayed filing. The IJ's decision is not subject to judicial review. See 8 U.S.C. § 1158(a)(3); Aden, 396 F.3d at 968; Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004).

Although we lack jurisdiction to review Mompongo's claim for asylum, we do have jurisdiction to review the denial of Mompongo's requests for withholding of removal and protection under the CAT. See Ngure, 367 F.3d at 989, 992 (reviewing claims for withholding and CAT protection even though asylum application was untimely). To qualify for withholding of removal, Mompongo must show a clear probability his "life or freedom would be threatened in [the DRC] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "In other words, an alien [seeking withholding of removal] must establish that it is more likely than not that he will suffer persecution." Ngure, 367 F.3d at 989. To qualify for protection under the CAT, Mompongo must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). We will overturn the IJ's denial of withholding of removal or protection under the CAT only if the evidence is so compelling that no reasonable factfinder would have denied relief. Ngure, 367 F.3d at 989, 992.

The IJ determined Mompongo failed to establish it is more likely than not he would be harmed should he return to the DRC. The IJ found Mompongo's testimony credible and recognized the fall of the Mobutu government, to which Mompongo's family was well-connected, resulted in political unrest, civil unrest, and "the prospect of lower living standards under the new government" for family members of principal figures in the Mobutu administration. However, the IJ concluded Mompongo's family connections, including a cousin who was a member of the Mobutu bodyguard and another cousin who worked as a Mobutu journalist and now works for a rebel group, fail to establish it is more likely than not Mompongo would be harmed if he returned to the DRC. Also considering the current conditions in the DRC, the IJ found it unlikely Mompongo, as a relative of Mobutu supporters, would face a clear probability of harm.

We conclude substantial evidence supports the IJ's findings. See Ngure, 367 F.3d at 989 (upholding findings if supported by substantial evidence). The evidence does not compel a reasonable factfinder to find Mompongo eligible for withholding of removal or protection under the CAT. The record contains no evidence showing any of Mompongo's remaining family members in the DRC have been physically harmed since the change in government, and no evidence indicates Mompongo would be harmed based upon his family's political connections or his political opinions. Mompongo also offered nothing to suggest he would be tortured should he return to the DRC. The State Department reported it was "not aware of family members of former principal figures in the Mobutu administration being mistreated by the [new] government." Thus, we affirm the denial of withholding of removal and protection under the CAT.

## III. CONCLUSION

We deny Mompongo's petition for judicial review.

_____

-4-