# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1610

_____

Ebrima Jallow,

        Petitioner,

v.

Alberto Gonzales, Attorney General
of the United States of America,

        Respondent.

\*  Petition for Review of a Final
\*  Decision of the Board of
\*  Immigration Appeals.

_____

Submitted: October 16, 2006
Filed: January 4, 2007

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Ebrima Jallow, a native and citizen of Gambia, petitioned for asylum and relief under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied his asylum petition as untimely and the other claims as without merit. The Board of Immigration Appeals (BIA) affirmed. Jallow now seeks a review. We deny the petition for review.

## I. *Background*

Jallow was placed in removal proceedings six months after the expiration of his temporary visa. Jallow conceded that he was removable but petitioned for asylum and

relief under CAT. Jallow claimed political persecution because of his membership in the United Democratic Party, Gambia's main opposition political party. Jallow also claimed to have twice been confronted by members of the controlling party; however, he admitted that he was not injured in either incident.

The IJ determined that Jallow's petition for asylum was time barred. The IJ also found that Jallow's other claims lacked credibility and denied him relief under CAT. The BIA affirmed.

## II. *Discussion*

We review questions of immigration law de novo. *Tang v. INS*, 223 F.3d 713, 718–19 (8th Cir. 2000). We review an IJ's factual credibility determinations under the substantial evidence test, which requires that factual determinations be supported by reasonable, substantial, and probative evidence. *Perinpanathan v. INS*, 310 F.3d 594, 597 (8th Cir. 2002). We will reverse factual findings "only if the petitioner demonstrates that the evidence was so compelling that no reasonable fact finder could fail to find in favor of the petitioner." *Turay v. Ashcroft*, 405 F.3d 663, 667 (8th Cir. 2005).

### A. *Asylum*

Jallow argues that the IJ erred in concluding that his application for asylum was time barred. An application for asylum will not be considered unless it is filed within one year of an alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). There are, however, two exceptions to this rule. First, an application for asylum will be considered if the alien demonstrates changed circumstances materially affecting eligibility for asylum. *Id.* § 1158(a)(2)(D). Second, an application for asylum will be considered if the alien demonstrates that the delay in filing was related to extraordinary circumstances. *Id.* "Congress . . . has precluded judicial review of the Attorney General's determination that an alien did not demonstrate changed or

extraordinary circumstances relating to the delay in filing an asylum application." *Ngure v. Ashcroft,* 367 F.3d 975, 989 (8th Cir. 2004).

Jallow concedes that he did not apply for asylum within one year of his arrival. Therefore, we may review his asylum claim only if he qualifies under one of the statutory exemptions. The IJ determined that he does not, and we are precluded from reviewing that determination because it is committed to the discretion of the Attorney General. Because we lack jurisdiction, Jallow's petition for asylum is dismissed.

## B. *Convention Against Torture*

Although we lack jurisdiction to review Jallow's claim for asylum, we do have jurisdiction to review the denial of his request for protection under CAT. *Mompongo v. Gonzales*, 406 F.3d 512, 514 (8th Cir. 2005). To qualify for protection under CAT, Jallow must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. §§ 1208.16(c)(2), 1208.18. Torture is defined as an act causing severe pain or suffering inflicted by or with the acquiescence of a person acting in an official capacity. *Id.* § 208.18(a)(1). It is limited to "extreme form[s] of cruel and inhuman treatment." *Id.* § 208.18(a)(2). "We will overturn the IJ's denial of withholding of removal or protection under the CAT only if the evidence is so compelling that no reasonable factfinder would have denied relief." *Mompongo*, 406 F.3d at 514.

The IJ found that Jallow did not present credible evidence that he would be tortured if returned to Gambia. In support of his petition, Jallow submitted a United Democratic Party membership card. The IJ concluded that the card was obtained solely for the purpose of supporting his asylum petition.[1] The IJ stated that the card

---

[1]In affirming the IJ's findings, the BIA noted, "No single concern would lead us to conclude that the respondent's story is untrue, but the constellation of problems described by the Immigration Judge lead us to agree that the respondent has not met his burden of proof to establish his eligibility for relief from removal."

purported to be issued in 1997 but had no place to record membership dues for 1997, 1998, 1999, or 2000. The IJ also noted that the card was authenticated by Jallow's close friend, whose authority to authenticate party membership was questionable. Several other documents that Jallow supplied suffered from similar defects.

We defer to an IJ's finding regarding a petitioner's credibility, if that finding is supported by specific, cogent reasons. *Mohamed v. Ashcroft*, 396 F.3d 999, 1003 (8th Cir. 2005). "It is well settled that 'an immigration judge is in the best position to make credibility findings because he sees the witness as the testimony is given.'" *Mayo v. Ashcroft*, 317 F.3d 867, 871 (8th Cir. 2003) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir. 1994)). Here, the IJ's credibility findings are supported by sufficient record evidence. Jallow provides no justification for us to disturb them.

Even if Jallow were to conclusively establish that he was a member of the United Democratic Party, his petition for relief under CAT would still fail. Jallow conceded that he was never physically injured in either of the two encounters that he recounted to the IJ. Jallow also admitted that he was able to live in a different part of Gambia without incident. These admissions, combined with a report from the State Department stating that Gambia had a general respect for human rights, led the IJ to deny Jallow relief under CAT. We cannot say that the evidence is so compelling in Jallow's favor that no reasonable factfinder would have denied relief.

### III. *Conclusion*

Because we lack jurisdiction, Jallow's asylum petition is dismissed. For the reasons stated above, his petition for CAT relief is denied.

_____