Khatri v. Holder

BIA
Vomacka, IJ
A087 446 649

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

HARI BAHADUR KHATRI,
> *Petitioner,*

v.                                                          12-1953
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jason A. Nielson, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Anthony C. Payne,
                       Senior Litigation Counsel; Jesse M.
                       Bless, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hari Bahadur Khatri, a native and citizen of Nepal, seeks review of an April 26, 2012, decision of the BIA affirming the June 23, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hari Bahadur Khatri*, No. A087 446 649 (B.I.A. Apr. 26, 2012), *aff'g* No. A087 446 649 (Immig. Ct. N.Y. City June 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

**I.   Asylum**

We retain jurisdiction to review the pretermission of Khatri's asylum application only to the extent he raises a colorable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C),(D). Although Khatri's argument that the IJ ignored evidence in finding that the rise of Maoists in the Nepalese government did not constitute changed circumstances, raises a question of law, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006); *Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007), his argument lacks merit.

Khatri testified that he intended to return to Nepal following the election of Maoists as the majority party in the parliament in 2008 because the November 2006 peace agreement between the Nepalese government and the Maoists had signaled an easing of tension and Maoist-led violence; he filed for asylum only after he realized that the Maoists had continued to terrorize citizens. However, the 2009 U.S. State Department Human Rights Report, which notes that Maoists obtained a plurality in the Nepalese parliament in April 2008, also states that the violence in the hands of Maoists that had preexisted the 2006 peace agreement

3

continued thereafter.  Khatri also testified that the Maoists had harassed him both before and after the signing of the peace agreement.  Because the agency did not ignore any evidence in finding that the substantial basis for Khatri's argument of changed circumstances—namely, continued violence in the wake of the peace agreement—occurred prior to the expiration of the one-year filing deadline in May 2008, Khatri has not demonstrated any reviewable error in the agency's conclusion that he failed to establish a change in circumstances excusing his delay in filing his asylum application.  *See* 8 C.F.R. § 1208.4(a)(4).

Moreover, even assuming changed circumstances as of April 2008, the agency did not err in concluding that Khatri's eight-month delay in filing for asylum after the alleged change in circumstances is presumptively unreasonable.  *See id.* (requiring that an application be filed within a reasonable time after a change in circumstances); 65 Fed. Reg. 76121-01 at 76123-24 (providing that "waiting six months or longer after expiration or termination of status [to apply for asylum] would not be considered reasonable").  And, to the extent Khatri challenges the IJ's further finding that the elections did

4

little by way of changing the Maoists' activities, his argument essentially challenges the IJ's factual findings and does not raise a colorable constitutional claim or question of law over which we retain jurisdiction. *See Xiao Ji Chen*, 471 F.3d at 328-29.

## II. Withholding of Removal and CAT Relief

The agency also reasonably determined that Khatri failed to establish that he was or would be persecuted on account of his membership in the Nepali Congress Party ("NCP") or any other protected ground. To establish eligibility for withholding of removal, an applicant must demonstrate that the persecution he suffered or fears was or would be on account of a protected ground, which includes political opinion, *see* 8 U.S.C. § 1231(b)(3)(A), and that his protected status, and not some other factor, is a central reason why he was or will be targeted for persecution, *see Rodas Castro v. Holder*, 597 F.3d 93, 103 (2d Cir. 2010).

Khatri's claim for relief centered on repeated demands by Maoists that he abandon the NCP and fund their cause and the allegation that following his failure to comply, the Maoists abducted and beat him and also abducted his son. Although an individual's actual or imputed political opinion

5

may be a protected ground, *see* 8 U.S.C. § 1231(b)(3)(A), recruitment efforts and extortion attempts do not inherently constitute persecution on account of one of the protected grounds, *see INS v. Elias-Zacarias*, 502 U.S. 478, 81 (1992) (finding that forced recruitment of an individual by guerilla forces is not *per se* persecution on account of a protected ground); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (holding that harm purely motivated by wealth is not persecution). The IJ reasonably concluded that Khatri's testimony did not support his assertion that the Maoists targeted him on account of a protected ground—his political membership—given substantial evidence of the financial motives for the attacks. *See Elias-Zacarias*, 502 U.S. at 81; *Ucelo-Gomez*, 509 F.3d at 74.

The IJ also reasonably found that Khatri failed to establish that the Nepalese government was unwilling or unable to protect him given his testimony that he never notified police or other government officials when either he or his son was abducted, and that the army, in fact, aided in his son's recovery when alerted by villagers of the abduction. *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (defining persecution as harm inflicted by a governmental actor or independent actors who the government

6

is unwilling or unable to control). Accordingly, the IJ did not err in denying withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1).

Given Khatri's testimony that he did not seek aid from Nepalese police or government officials when threatened or abducted by Maoists, and the police involvement in the rescue of his son from Maoists, the IJ also did not err in denying CAT relief. *See Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir. 2004) (noting that applicant for CAT relief must show that torture would be perpetrated with the government's consent or acquiescence (including the concept of wilful blindness)).[1]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

---

[1] Although the IJ may have erred by failing to give sufficient consideration to Khatri's assertion that his assault at the hands of Maoists while on a "forced" walk constituted torture, remand would be futile given the alternative grounds for denying CAT relief. *See Alam v. Gonzales*, 438 F.3d 184, 187-88 (2d Cir. 2006) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." (internal citation and quotation marks omitted)).

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk