# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2208

_____

Barite Koshe Burka

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 15, 2018
Filed: August 14, 2018

_____

Before KELLY, ARNOLD, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Barite Koshe Burka challenges the denial of her untimely application for asylum. Because we lack jurisdiction to review the BIA's determination that Burka did not establish an excuse for her late filing based on changed circumstances, we dismiss her petition for review.

Burka is a sixty-three-year-old woman who fears persecution by the Ethiopian government because of her involvement in a local women's group and her husband's status as a political dissident.  She arrived in the United States on a temporary visa in 2008, but her husband remained in Ethiopia, where he spent much of his time in hiding.  Burka eventually lost all contact with him.

In 2012, the Department of Homeland Security issued Burka a Notice to Appear in removal proceedings.  After conceding removability, Burka applied for asylum, withholding of removal, and relief under the Convention Against Torture. The government asked the immigration judge to deny asylum under 8 U.S.C. § 1158(a)(2)(B), which required Burka to file her application "within 1 year after [she] arriv[ed] in the United States," a deadline she indisputably missed.  Burka responded that her husband's disappearance excused her late filing because it was a "changed circumstance[] which materially affect[ed her] eligibility for asylum." *See id.* § 1158(a)(2)(D).

The immigration judge denied Burka's asylum application under the one-year statute of limitations but granted withholding of removal.  In denying asylum, the immigration judge reasoned that "[Burka], her brother, and her husband had all been detained and harmed by the government in the past" and that her husband "was already trying to hide from the government when [she] left Ethiopia.  Thus, [Burka] did not have new fears that might constitute a change in circumstances, but rather her existing fears worsened."  The immigration judge then concluded, "[t]herefore, these fears do not constitute a change in [Burka's] circumstance[s] that would legally excuse her filing delay."

In dismissing Burka's appeal, the Board of Immigration Appeals (the "BIA") relied on the immigration judge's findings that Burka had "experienced past persecution in Ethiopia, her husband and brother were also harmed, and she was not prevented from filing an asylum application within 1 year of her entry into the United States." We review the BIA's decision as the relevant final agency action, but because "the BIA adopted the findings [and] reasoning of the [immigration judge], we also review the [immigration judge's] decision." *Matul-Hernandez v. Holder*, 685 F.3d 707, 710–11 (8th Cir. 2012) (citation omitted).

## II.

This case is about our appellate jurisdiction over asylum cases. The Immigration and Nationality Act provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," which contains, as relevant here, the one-year statute of limitations for asylum applications and its exceptions, including the one for changed circumstances on which Burka relies. 8 U.S.C. § 1158(a)(3). The categorical language of this provision notwithstanding, we may still review "constitutional claims or questions of law raised upon a petition for review." *Id.* § 1252(a)(2)(D). The issue, then, is whether this case presents a reviewable constitutional claim or question of law or, alternatively, whether Burka asks us to overturn a discretionary determination, something that is beyond our jurisdiction to do.

The answer to the jurisdictional question depends on what the immigration judge and the BIA actually decided. The immigration judge found that Burka feared persecution long before her husband disappeared, because "she, her brother, and her husband had all been detained and harmed by the government in the past" and her husband "was already trying to hide from the government when [she] left Ethiopia." The BIA relied on these findings in dismissing Burka's appeal. Though neither of

these decisions is a model of clarity, we understand them to be saying that Burka already had strong preexisting fears of persecution based on the government's ongoing harassment of her husband. The disappearance of her husband, though undoubtedly distressing, was just another incident in a pattern of events that had already caused her to fear persecution, too similar to what she had already experienced to be a material change in circumstances, which is what was required to "legally excuse her filing delay."

A materiality determination of this type is unreviewable under 8 U.S.C. § 1158(a)(3). *See Goromou v. Holder*, 721 F.3d 569, 579–80 (8th Cir. 2013). Indeed, in *Cambara-Cambara v. Lynch*, we held that we lacked jurisdiction to review a similar changed-circumstances argument based on an attack on the applicants' father. 837 F.3d 822, 825 (8th Cir. 2016). In our view, the applicants' argument that the attack "provided further evidence of the type of persecution [they] already suffered" amounted to nothing more than a "quarrel with the BIA's discretionary factual determination." *Id.* (citation omitted). So too here, notwithstanding the fact that Burka's husband disappeared, rather than was attacked.[1]

To be sure, the immigration judge's decision ventured close to deciding a question of statutory interpretation by observing that "existing fears," even if "worsened," "do not constitute a change in [Burka's] circumstances that would legally excuse her filing delay." *See Munoz-Yepez v. Gonzales*, 465 F.3d 347, 351

---

[1]The dissent's position notwithstanding, whether an applicant for asylum characterizes an event as a "worsening of the risk of persecution she will face" or as "'provid[ing] further evidence of the type of persecution already suffered'" makes no difference in deciding whether a reviewable legal question is before us. *Post* at 6 (quoting *Cambara-Cambara*, 837 F.3d at 825). Either way, the changed circumstances must be material, a determination that *Cambara-Cambara* says we have no jurisdiction to review. 837 F.3d at 825.

(8th Cir. 2006) (holding that the interpretation of a statute presents a reviewable question of law). Burka reads this language as adopting a categorical rule that a worsening of existing fears can never meet the definition of "changed circumstances."

Read in context, however, the immigration judge was making a case-specific materiality determination, not announcing a per se rule. In observing that Burka's fears were not "new fears" and tying the decision to whether the facts gave rise to a "legal[] excuse [for the] filing delay," the immigration judge was explaining that Burka's fears already existed and that her husband's disappearance did not make them materially worse. The BIA's order confirms this case-specific and discretionary understanding of the immigration judge's decision. In particular, the BIA rejected Burka's arguments with a discussion of the immigration judge's factual findings, not with abstract legal analysis. This brings us to perhaps the most crucial point: neither the immigration judge nor the BIA engaged in an analysis of the statute or otherwise elaborated on the meaning of "changed circumstances," which forecloses the possibility that this case presents a question of statutory interpretation for us to review.

III.

Accordingly, we dismiss Burka's petition for review.

KELLY, Circuit Judge, dissenting.

I respectfully dissent because I believe the court makes a factual finding that the agency never made. I agree that any change in an asylum-seeker's circumstances must be material, see 8 U.S.C. § 1158(a)(2)(D), and that we lack jurisdiction to review the agency's materiality findings. See Cambara-Cambara v. Lynch, 837 F.3d 822, 825 (8th Cir. 2016). But, I do not think the immigration judge made a finding

-5-

as to whether the change in Burka's circumstances was material. Rather, quoting the immigration judge: "[Burka] did not have new fears that might constitute a change in circumstances, but rather her existing fears worsened. *Therefore*, these fears do not constitute a change in [her] circumstance that would legally excuse her filing delay." (Emphasis added). I would take the immigration judge at her word, and read her opinion as resting on the erroneous legal premise that only new fears can qualify as changed circumstances within the meaning of § 1158(a)(2)(D). I would therefore find that this court has jurisdiction over Burka's petition for review of this question of law. Munoz-Yepez v. Gonzales, 465 F.3d 347, 351 (8th Cir. 2006) (issues of statutory interpretation are questions of law); see also Bin Jing Chen v. Holder, 776 F.3d 597, 601 (8th Cir. 2015) ("We lack jurisdiction to review a determination that an application for asylum is untimely, *except when the petition seeks review of constitutional claims or questions of law*." (cleaned up) (emphasis added)).

I also believe that Cambara-Cambara is distinguishable. In that case, the petitioners' father was attacked after he and other family members had previously fallen victim to similar acts of violence. Cambara-Cambara, 837 F.3d at 824. The petitioners argued that the attack on their father "qualifie[d] as changed circumstances because it 'provided further evidence of the type of persecution already suffered.'" Id. at 825. Here, Burka does not argue that her husband's disappearance is additional evidence of the persecution she has already suffered. Rather, she asserts that her husband's disappearance is *itself* a changed circumstance—a material worsening of the risk of persecution she will face if she returns to Ethiopia. And, in my view, the mere fact that the immigration judge did not engage in extensive statutory analysis does not make the statement at issue any less a conclusion of law. For these reasons, I would grant the petition and remand this case to the agency for further proceedings.

_____